**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RONAN AGUIAR DE SOUZA, | No. 13-71853 |
| Petitioner, | Agency No. A078-258-065 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2016[**]
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges and BENNETT,[***] Senior
District Judge.

Petitioner Ronan Aguiar De Souza ("De Souza"), a citizen of Brazil,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Mark W. Bennett, Senior District Judge for the U.S.
District Court for the Northern District of Iowa, sitting by designation.

motion to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Although the BIA denied the motion on multiple grounds, we need address only one because we conclude that the BIA did not err in holding that the motion to reopen failed to establish a prima facie case for relief. We therefore deny the petition.

**1.** In addition to other requirements, a motion to reopen immigration proceedings must establish "a prima facie case for [the] relief" sought. *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014). With respect to asylum, the relevant standard requires demonstrating that the non-citizen is "unable or unwilling to return to his home country because of a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Durate de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999).

Here, De Souza was arrested in the United States for possession of a false visa. After his arrest, he implicated several Brazilian citizens in a visa fraud ring, and now alleges that one of the scheme's ringleaders has since been deported to Brazil and intends to harm De Souza upon his return to Brazil. As the BIA properly held, however, De Souza's motion to reopen does not establish a prima facie case for asylum for two reasons. First, the record is wholly devoid of any

2

allegation that the Brazilian government would be "unable or unwilling" to protect him, as required for an asylum claim. *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010). Second, De Souza cannot establish that one of the protected grounds listed in the asylum statute is at least "a central reason" for the persecution. *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009). At most, De Souza's allegations establish only that he fears being harmed as a result of a personal vendetta arising out of De Souza's cooperation with law enforcement. A personal vendetta does not, without more, provide a sufficient basis for asylum. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013).

**2.** De Souza's brief before this court addresses only his eligibility for asylum. We note, however, that the remainder of his motion to reopen presents no basis for granting relief.

Accordingly, the petition for review is

**DENIED**.

3